UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN WILLIAM PAUL,

                        Plaintiff,

                                                Case No. 19-cv-746-pp

        v.

JOHN DEERE HORICON WORKS,

                        Defendant.

**ORDER DISCHARGING ORDER TO SHOW CAUSE (DKT. NO. 23) AND
REQUIRING PARTIES TO FILE RULE 26(f) REPORT**

On April 15, 2020, the court issued an order requiring the plaintiff to file

a written document showing cause why the court had not heard from him in

over eight months and to explain whether he wanted to continue with the

lawsuit. Dkt. No. 23. The court set a deadline of May 15, 2020 for the plaintiff

to file that written statement. Id. at 4. On May 15, 2020, the court received the

plaintiff's written statement. Dkt. No. 25. The plaintiff explained that he did not

have legal knowledge or training and that receiving paperwork in the case was

"overwhelming," taking "vast amounts of time and energy just to interpret[] the

meaning of the language." Id. at 1. He indicates that if he needs to file

paperwork, the only option he knows of is to drive ninety minutes from his

house to the courthouse. Id. He reiterates that he has an illness which requires

chemotherapy (which creates pain and exhaustion that makes activities of daily

living almost impossible) and that he has been diagnosed with post-traumatic

stress disorder, depression, panic attacks, adjustment disorder and insomnia

1

as a result of the loss of his job with the defendant. Id. In addition, the plaintiff

says that the COVID-19 epidemic has made it unsafe for him to go to the

hospital for treatment, and he has concerns about going to Milwaukee (where

the number of confirmed cases has been highest) to file things with the court.

Id.

The plaintiff also said that he did not participate in the telephone hearing

on April 15 because of "the condition of [his] mental and physical health." Id. at

2. He said that the COVID-19 epidemic had degraded his health, and that his

health was never "so brutally tested in [his] life when he was told it was unsafe"

to receive his cancer treatment because of the virus. Id. He asked the court to

allow the case to proceed and explained that he is doing the best he can. Id.

The court finds that by timely filing this written letter, the plaintiff has

discharged the order to show cause. The court will allow the case to proceed

under the conditions the court outlined in its April 15, 2020 order granting the

defendant's partial motion to dismiss (dkt. no. 22). In other words, the court

will allow the plaintiff to proceed on his claims that the defendant

discriminated against him or failed to accommodate his disability in violation of

the Americans with Disabilities Act based on any conduct that occurred *after*

April 6, 2017. See Dkt. No. 22 at 14. He also may proceed on a hostile work

environment claim (if that is what he is seeking to pursue). Id. at 15. Finally,

he may proceed on a retaliation claim under the Americans with Disabilities Act.[1] <u>Id.</u>

While the court is allowing the plaintiff to proceed with the above claims, however, it must note that from this point forward, the plaintiff must comply with the applicable rules (the Federal Rules of Civil Procedure, available at https://www.uscourts.gov/sites/default/files/rules-of-civil-procedure.pdf, and this court's Local Rules, available at https://www.wied.uscourts.gov/sites/wied/files/documents/Local%20Rules%202010-0201-%20Amended%202019-0903.4.pdf) and this court's orders. The court understands that the plaintiff is not a lawyer and does not have legal training. Many people who are not lawyers represent themselves in court—some because they choose to, others because they must. The plaintiff noted in his statement that some people "have no other choice but to represent themselves." Dkt. No. 25 at 1. The plaintiff may file a motion asking the court to recruit a lawyer to represent him for free. But the court cannot hire a lawyer to represent a civil litigant. It must rely on volunteer lawyers, and there are not enough volunteer lawyers to represent all the parties who want one. For that reason, the court does not grant motions to appoint lawyers unless a party shows two things. First, he must show that he made reasonable efforts to hire a lawyer on his own, by providing the court with the names and contact information of three lawyers whom he unsuccessfully asked to represent him. Second, he must demonstrate that the tasks he is required to

---

[1] The court held that the plaintiff may *not* proceed on a Title VII sex discrimination claim. Dkt. No. 22 at 15-18.

3

do are so complex that as a layperson, he is incapable of performing them himself. Only if the plaintiff demonstrates those two things will the court consider trying to find a volunteer lawyer to represent the plaintiff.

The court also understands that physical illness takes a great toll on a person, that the COVID-19 virus has impacted the plaintiff's ability to obtain critical and necessary treatment and that the fear of the virus itself has likely created great stress for the plaintiff. But the plaintiff chose to bring his lawsuit. This means that the plaintiff is responsible for reading the documents he receives and for responding to them. The fact that someone is ill, or stressed, or afraid, does not relieve that person of the obligation to comply with the applicable rules and the court's orders; if that person wants to proceed with a lawsuit, he must follow the rules.

As to the plaintiff's concerns about having to come into Milwaukee and come to the federal courthouse, the court can allay those concerns. If the plaintiff wants to file a document with this court, he does not have to personally bring it to the courthouse. Indeed, during the COVID crisis, if he brought something down to the courthouse, he would have to drop it into the external drop box outside the building. Parties may mail documents to the court. As long as they mail the documents in time for the court to receive them by the applicable deadlines, mailing is a perfectly acceptable option for filing court documents. The next stage of the lawsuit is called "discovery." During this stage, the parties may provide each other with written questions (called "interrogatories," allowed by Fed. R. Civ. P. 33), give each other written

4

requests for documents (called "requests for production," allowed by Fed. R. Civ. P. 34) and make written requests of each other to admit or deny certain facts (called "requests for admission," allowed by Fed. R. Civ. P. 36). If the plaintiff wants to do any of these things, he may mail his written requests to counsel for the defendant. He also may respond to the defendant's discovery requests by mailing the responses to counsel for the defendant. Most of what happens in the early stages of a federal lawsuit may happen via the mail.

As the plaintiff already knows, he does not have to come to the courthouse for hearings, either. The court scheduled the April 15, 2020 hearing by telephone. Before the COVID virus, the court scheduled hearings by telephone for the convenience of the parties. Now, the court does it for the *safety* of the parties and the court staff. The plaintiff's letter said that he did not participate in that April 15, 2020 telephone hearing because of his mental and physical health. While the court empathizes with the plaintiff, the reality is that if he wants to proceed with this lawsuit, he *must* engage with the court and with defense counsel. A party cannot come to the court and say, "I would like to use the court system, but I cannot appear in person or by phone or in any other way and I cannot file documents or respond to requests or orders." The court is more than willing to make reasonable efforts to provide a way for the plaintiff to participate without having to come to the courthouse at 517 East Wisconsin Avenue. But the plaintiff must do his part. The court is enclosing a copy of a brochure, "Answers to Pro Se Litigants' Common Questions," for the plaintiff's review. The plaintiff may find other resources

5

under the "Representing Yourself" section of the court's web site.

https://www.wied.uscourts.gov/representing-yourself.

As the court has noted, the next step in the lawsuit is for the parties to exchange discovery. Federal Rule of Civil Procedure 26(f) requires that the parties must "meet" to discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement, the timing for the initial discovery disclosures required by Federal Rule of Civil Procedure 26(a)(1) and a proposed discovery plan. The "meeting" required by Rule 26(f) does not have to be in person. It can be by telephone, or even by email. The rule requires only that the parties confer with each other, to try to come up with dates for exchanging the written discovery, and for conducting "depositions"—oral examinations (Fed. R. Civ. P. 30) or written examinations (Fed. R. Civ. P. 31).

The plaintiff must cooperate with the defendant's lawyer in "meeting"— whether by phone or email—to discuss a discovery schedule, which defense counsel will put into a Rule 26(f) report. The defendant's counsel is responsible for filing the report, and for providing a copy to the plaintiff. The parties must try to agree on a set of dates and other terms in the report; if they cannot, defense counsel may describe the parties' different views in the report.

In addition to the discovery plan, the report must include the following:

1. A brief statement of the nature of the case;

2. Whether the parties expect to amend the pleadings (whether the plaintiff intends to amend his complaint and whether the defendant anticipates amending its answer);

3. Whether the parties anticipate joining other parties;

6

4.     The nature of the discovery each party contemplates, and the amount of time the parties believe they need to complete that discovery;

5.     Any motions the parties contemplate;

6.     The estimated length of trial;

7.     Whether any party is requesting a jury trial;

8.     A statement of any other issues that might impact trial scheduling (including any issues relating to COVID-19, and to the plaintiff's health); and

9.     A statement attesting to the fact that the parties have discussed each of the above issues.

The court will not set dates for a final pretrial conference or trial until dispositive motions have been decided. If, after review of the Rule 26(f) report, the court decides a scheduling conference is necessary, it will contact the parties to set a telephone hearing. If the court sets such a hearing, the plaintiff must participate.

Finally, it is not unusual for parties to want to work out their differences without having to go through the time, stress and expense of a trial, or of the litigation process. Sometimes what they want is to have a neutral person—someone who does not have any "skin in the game," as the saying goes—listen to both sides of the story and help them try to resolve their differences. This process is called mediation. There are five magistrate judges in the Eastern District of Wisconsin who regularly conduct mediations to help parties resolve their differences without having to go through the entire litigation process. During the COVID pandemic, the magistrate judges are conducting mediations via videoconference, and even by telephone. If both parties decide that they

7

would like to have a magistrate judge assist them in a mediation, they need only contact the court—either by calling chambers with both the plaintiff and defense counsel on the line or by filing a written agreement stating that both want to mediate—and the court will refer the case to a magistrate judge.

The court **ORDERS** that the plaintiff has discharged the order to show cause. Dkt. No. 23.

The court **ORDERS** that by the end of the day on **August 24, 2020**, the parties must file their Rule 26(f) report. If the parties need more time, they may ask in writing for an extension of that deadline, if the request is received by the court before the August 24, 2020 deadline.

Dated in Milwaukee, Wisconsin this 8th day of July, 2020.

**BY THE COURT**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8