UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN WILLIAM PAUL,

        Plaintiff,

v.

Case No. 19-cv-746-pp

JOHN DEERE HORICON WORKS,

        Defendant.

## ORDER DISMISSING CASE

As the court has noted, the plaintiff has a pattern of not responding to the defendant or the court. On April 15, 2020, the court issued an order to show cause requiring the plaintiff to file a written statement indicating whether he intended to proceed with his case and showing cause why he did not respond to the defendant's motion to dismiss or appear for the April 15, 2020 hearing. Dkt. No. 23. The plaintiff filed a statement, citing his lack of knowledge, his health and the pandemic. Dkt. No. 25. The court discharged the order to show cause, dkt. no. 26, entered a scheduling order on August 26, 2020, dkt. no. 29, and referred the case for mediation with Magistrate Judge William E. Callahan, dkt. no. 30. Judge Callahan appointed counsel for the limited purpose of assisting the plaintiff with participating in mediation. Dkt. No. 31.

On January 29, 2021, the defendant filed a motion to compel discovery because the plaintiff had not responded to defendant's interrogatories or requests for production of documents and had not cooperated in the

scheduling of his deposition. Dkt. No. 32. The defendant explained it had served the discovery requests on November 16, 2020; the plaintiff has not communicated with defendant's counsel since August 2020. Dkt. No. 33. On February 1, 2021, Judge Callahan referred the case back to this court after his staff had made numerous, unsuccessful attempts to contact the plaintiff, who had not responded to the court since the proposed agreement for limited representation was mailed to him on October 23, 2020. Dkt. No. 34.

The court concluded from this pattern that the plaintiff was not diligently prosecuting the case. On March 12, 2021, it issued another order to show cause, ordering that if the plaintiff intended to proceed with the case he must file a written statement indicating that he wanted to proceed and explaining why he did not respond to the defendants' discovery requests and motion to compel and why he did not respond to Judge Callahan's staff regarding mediation. The court ordered that the plaintiff must file this written response in time for the court to receive it by the end of the day on April 16, 2021. It warned the plaintiff that if it did not receive the written statement by deadline, the court would dismiss the case on the next business day without further notice or hearing.

The court did not receive a written response from the plaintiff by day's end on 16, 2021. In fact, the court has received nothing from the plaintiff for almost eight months—since the Rule 26(f) plan the defendant filed on behalf of the parties on August 24, 2020 (Dkt. No. 28). The court concludes that the plaintiff is not diligently pursuing the case.

2

Case 2:19-cv-00746-PP    Filed 04/19/21    Page 2 of 3    Document 37

Under Civil Local Rule 41(c) (E.D. Wis.), the court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for the plaintiff's failure to diligently prosecute it. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of April, 2021.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**